UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: INCLUSIVE ACCESS COURSE MATERIALS
ANTITRUST LITIGATION                                                         MDL No. 2946

TRANSFER ORDER

**Before the Panel**: Defendants McGraw Hill LLC, Pearson Education, Inc., Cengage Learning, Inc., Barnes & Noble College Booksellers, LLC, Barnes & Noble Education, Inc., and Follett Higher Education Group, Inc., move under 28 U.S.C. § 1407 to centralize this litigation in the District of Delaware. The litigation consists of the nine actions listed on the attached Schedule A, six in the District of New Jersey, and one each in the District of Delaware, the Northern District of Illinois, and the Southern District of New York. The Panel has been notified of six potentially-related actions.[1]

Responding plaintiffs' positions on centralization vary. Plaintiffs in District of Delaware *Campus Book* oppose inclusion of their action in the proposed MDL. Plaintiffs in seven District of New Jersey actions[2] (the New Jersey Plaintiffs) oppose centralization in favor of transfers of the Illinois and New York actions to New Jersey under 28 U.S.C. § 1404(a). In the alternative, the New Jersey Plaintiffs support centralization of all actions except *Campus Book* in the District of New Jersey.[3] Plaintiffs in the District of New Jersey *Belen*, Northern District of Illinois *Kinskey*, and Southern District of New York *Uchenik* and *Cabral* actions support centralization of all actions except *Campus Book* in the Southern District of New York.[4] In the alternative, the *Kinskey* plaintiff argues for centralization in the Northern District of Illinois.

After considering the arguments of counsel,[5] we find that these actions involve common

---

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] The actions are the *Barabas*, *Warman*, *Pica*, *Puleo*, and *Gordon* constituent actions and the *Aliperto* and *Lopez* potential tag-along actions.

[3] Plaintiffs in the District of New Jersey *Pelletier* tag-along action support centralization in the District of New Jersey, in the first instance.

[4] The *Capral* action is a potential tag-along action.

[5] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel (continued...)

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY Shante Jones
Deputy Clerk

-2-

questions of fact, and that centralization – of all actions – will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions share multiple factual issues concerning "Inclusive Access," a subscription and distribution service that provides access to digital course content when academic instructors opt to use interactive courseware platforms or e-textbooks instead of paper textbooks and materials.  Plaintiffs allege that defendants conspired to create Inclusive Access in order to monopolize the market for the sale of course materials for any courses and at any institutions using the Inclusive Access service, and thereby to raise the prices of textbooks and related course materials. Centralization will eliminate duplicative discovery, the possibility of inconsistent rulings on class certification and other pretrial matters, and conserve judicial and party resources.

Plaintiffs' arguments against inclusion of *Campus Book* in the centralized proceedings are unconvincing.  Plaintiffs make three principal arguments: (1) the putative retailer class in *Campus Book* does not overlap with the putative student-purchaser classes in the other cases; (2) the *Campus Book* plaintiffs assert some causes of action not found in the other actions, including a claim for violation of the Robinson-Patman Act, as well as state law antitrust and unjust enrichment claims; and (3) *Campus Book* is more advanced than the other actions.  But the Panel frequently centralizes litigations involving differently-situated plaintiffs and differently-defined putative classes, where, as here, all actions arise from a common factual core.  *See, e.g., In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 24 F. Supp. 3d 1361, 1362 (J.P.M.L. 2014) (centralizing litigation consisting of direct purchaser class actions, indirect purchaser class actions, and individual actions brought by competitors, where all actions "raise[d] virtually identical factual questions concerning the conduct of [the defendant]."); *see also In re Home Depot, Inc., Customer Sec. Data Breach Litig.*, 65 F. Supp. 3d 1398, 1399-1400 (J.P.M.L. 2014) (centralizing actions brought by consumers with actions brought by financial institutions, where all actions arose from the same data breach).  And, "where common factual issues exist, the presence of different legal theories among the actions is not a bar to centralization." *In re Pacquiao-Mayweather Boxing Match Pay-Per-View Litig.*, 122 F. Supp. 3d 1372, 1374 (J.P.M.L. 2015).  Finally, although *Compass Book* is marginally more advanced than the other actions, "[i]t is frequently the case . . . that actions transferred to an MDL are in somewhat varying procedural postures." *In re TR Labs Patent Litig.*, 896 F. Supp. 2d 1337, 1338 (J.P.M.L. 2012).  The transferee judge can use separate tracks or other appropriate pretrial techniques to address any issues specific to *Campus Book*.

As mentioned, the New Jersey Plaintiffs argue that in lieu of centralization, the actions other than *Campus Book* should be consolidated, via Section 1404 transfers, in the District of New Jersey. This argument is not persuasive.  First, plaintiffs' proposal omits *Campus Book*, which we have concluded should be included in the MDL.  Second, the parties in the actions outside New Jersey all oppose transfer of their respective actions, and neither the Northern District of Illinois court nor the Southern District of New York court has ruled on any Section 1404 motion.  *See  In re Natrol, Inc.,*

---

⁵(...continued)
heard oral argument by video conference at its hearing session of July 30, 2020.  *See* Suppl. Notice of Hearing Session, MDL No. 2946 (J.P.M.L. July 14, 2020), ECF No. 61.

-3-

*Glucosamine/Chondroitin Mktg. & Sales Practices Litig.*, 26 F. Supp. 3d 1392, 1393 (J.P.M.L. 2014). Third, with six potential tag-along actions already on file, the possibility of additional actions cannot be discounted. *See id.*

We select the Southern District of New York as the transferee district. Two actions are pending in the Southern District of New York. In addition, defendant McGraw Hill is headquartered in the district, and the Barnes & Noble and Pearson defendants are located in northern New Jersey. Relevant documents and witnesses thus likely will be found in or near the Southern District of New York. The Honorable Denise L. Cote, to whom we assign the litigation, is a veteran transferee judge. We are confident that she will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York, and, with the consent of that court, assigned to the Honorable Denise L. Cote for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

IN RE: INCLUSIVE ACCESS COURSE MATERIALS
ANTITRUST LITIGATION                                    MDL No. 2946

## SCHEDULE A

### District of Delaware

CAMPUS BOOK COMPANY, INC., ET AL. v. MCGRAW-HILL GLOBAL
    EDUCATION HOLDINGS, LLC, ET AL., C.A. No. 1:20-00102

### Northern District of Illinois

KINSKEY, ET AL. v. CENGAGE LEARNING, INC., ET AL., C.A. No. 1:20-02322

### District of New Jersey

BARABAS v. BARNES & NOBLE COLLEGE BOOKSELLERS, LLC, ET AL.,
    C.A. No. 3:20-02442
PICA v. BARNES & NOBLE COLLEGE BOOKSELLERS, LLC, ET AL.,
    C.A. No. 3:20-04856
WARMAN v. BARNES & NOBLE COLLEGE BOOKSELLERS, LLC, ET AL.,
    C.A. No. 3:20-04875
PULEO v. BARNES & NOBLE COLLEGE BOOKSELLERS, LLC, ET AL.,
    C.A. No. 3:20-04990
BELEN v. MCGRAW HILL, LLC, ET AL., C.A. No. 3:20-05394
GORDON, ET AL. v. BARNES & NOBLE COLLEGE BOOKSELLERS, LLC,
    ET AL., C.A. No. 3:20-05535

### Southern District of New York

UCHENIK v. MCGRAW HILL, LLC, ET AL., C.A. No. 1:20‑03162